```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

| | |
|---|---|
| MOUNIR ELGHALI, | |
|         Plaintiff, | |
| v. | Civil No. 08-1219 (RMB) |
| DON JOHNSON, JB HUNT TRANSPORT, INC., et al., | **OPINION & ORDER** |
|         Defendants. | |

   This matter comes before the Court upon Plaintiff's motion to remand the above captioned matter to the Superior Court of New Jersey, Camden County.  On March 10, 2008, Defendants removed this matter to this Court pursuant to 28 U.S.C. § 1441.  The Notice of Removal invoked 28 U.S.C. § 1332 in support of federal diversity jurisdiction.  For purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs."

   Defendants, the parties seeking to bring this matter before the Court, bear the burden of proving that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Frederico v. Home Depot, 507 F. 3d 188, 193 (3d Cir. 2007); Samuel-Bassett v. Kia Motors America, Inc., 357 F. 3d 392, 398 (3d Cir. 2004).  Factual questions or disputes involving the amount in controversy

are to be resolved by the Court under the preponderance of evidence standard.  <u>Frederico</u>, 507 F. 3d at 194 (under the Supreme Court's <u>McNutt</u> standard, the party alleging jurisdiction must "justify his allegation by a preponderance of evidence.") (citing <u>McNutt v. General Motors Acceptance Corp. Of Indiana</u>, 298 U.S. 178 (1936)). <u>See</u> <u>also</u> <u>Samuel Bassett</u>, 357 F.3d at 398.  In other words, a defendant seeking removal must prove to a reasonable probability that jurisdiction exists.

Where the relevant facts as to the amount in controversy are not in dispute or findings have been made, the Court must then apply the legal certainty test established in <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283 (1938).  <u>Frederico</u>, 507 F.3d at 194.  Under the <u>Red Cab</u> test, "a case must be dismissed or remanded if it appears to a <u>legal</u> certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000." <u>Id.</u> at 195 (emphasis added) (internal citation and quotations omitted).  In other words, even where the amount in controversy is determined to be in excess of $75,000 under the preponderance of evidence standard, the plaintiff's ability to recover such amount may be legally impossible, rendering remand proper.

Clearly, then, before this Court can engage in the above jurisdictional analysis, it must have all the necessary facts to do so.  Initially, the Court's determination of the amount in

2

controversy in a removal case "begins with a reading of the complaint filed in the state court." Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004). "If the complaint is open-ended and does not allege a specific amount, the Court must perform an independent appraisal of the value of the claim by looking at the petition for removal and any other relevant evidence." Russ v. Unum Life Insurance Co., 442 F. Supp. 2d 193, 197 (D.N.J. 2006). The petition for removal should supply the necessary relevant facts needed to determine subject matter jurisdiction.

Despite Plaintiff's effort to limit the amount in controversy in his motion to remand, this Court finds that Defendants have met their burden regarding the amount in controversy. In their notice of removal, Defendants annexed Plaintiff's unequivocal demand for $400,000.00 set forth in Plaintiff's statement of damages pursuant to New Jersey Court Rule 4:5-2. See Notice of Removal Ex. G.

Plaintiff's motion to remand, however, states that the amount in controversy in this matter does not exceed $75,000 and that "[a]t at all times plaintiff has told counsel for defendant that the complaint was for property damages only and did not exceed $25,000.00" Docket No. 6 at ¶ 10. This statement is in direct contrast to Plaintiff's clear statement of damages in an amount of $400,000.00. Thus, this Court cannot find that the

amount in controversy is below the jurisdictional threshold and will deny Plaintiff's motion to remand.

IT IS HEREBY **ORDERED** that Plaintiff's motion to remand is **DENIED**.

Dated: May 8, 2008                                **s/Renée Marie Bumb**
                                                  RENÉE MARIE BUMB
                                                  UNITED STATES DISTRICT JUDGE